# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM MILLIKEN, derivatively on behalf of HOSPITALITY INVESTORS TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN REALTY CAPITAL HOSPITALITY ADVISORS, LLC, AMERICAN REALTY CAPITAL HOSPITALITY PROPERTIES, LLC, AMERICAN REALTY CAPITAL HOSPITALITY GRACE PORTFOLIO, LLC, AR CAPITAL, LLC, AR GLOBAL INVESTMENTS, LLC, NICHOLAS S. SCHORSCH, WILLIAM M. KAHANE, PETER M. BUDKO, EDWARD M. WEIL, BRIAN S. BLOCK, JONATHAN P. MEHLMAN, EDWARD T. HOGANSON, STANLEY R. PERLA, ABBY M. WENZEL, AND ROBERT H. BURNS, <br><br> Defendants, <br><br> -and- <br><br> HOSPITALITY INVESTORS TRUST, INC., <br><br> Nominal Defendant. | **No. 18-CV-1757 (VEC)** |

**DECLARATION OF LAWRENCE W. POLLACK IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF DERIVATIVE SETTLEMENT**

I, Lawrence W. Pollack, declare as follows:

1.      I was selected by the Mediating Parties[1] to serve as the Mediator in the above-captioned derivative action ("Derivative Action"). I make this declaration based on personal knowledge. Each of the parties to the Derivative Action has consented to my submitting this declaration regarding the negotiations that led to the Mediating Parties' settlement ("Mediating Parties' Settlement").

2.      I am a mediator associated with JAMS. I joined JAMS in 2010 after 28 years in private practice at Dewey & LeBoeuf LLP and its predecessor firms LeBoeuf Lamb Greene & MacRae LLP, and LeBoeuf Lamb Leiby & MacRae. Prior to my retirement from my firm in 2009, I served for ten years as Co-Chairman of the firm's Litigation Department. As a mediator, I specialize in the resolution of difficult, complex disputes among multiple parties often involving sophisticated insurance coverage issues.

3.      I was retained by the Mediating Parties in October 2019 to mediate starkly differing views among the parties of the issues in the Derivative Action. Prior to our first mediation session, scheduled for and held on November 8, 2019, I conducted separate telephone interviews with

---

[1] "Mediating Parties" includes Plaintiff Tom Milliken; the Special Litigation Committee ("SLC") formed by the Board of Directors ("Board") of Nominal Defendant Hospitality Investors Trust, Inc. ("Company or "HIT"); Nominal Defendant HIT; Defendant American Realty Capital Advisors, LLC ("Advisor"); Defendants American Realty Capital Hospitality Properties, LLC and American Realty Capital Hospitality Grace Portfolio, LLC (collectively "Property Managers"); Defendants AR Capital, LLC and AR Global Investments, LLC (collectively "AR Capital" and together with the Advisor and the Property Managers ("AR Entity Defendants")); Defendants Nicholas S. Schorsch, William M. Kahane, Peter M. Budko, Edward M. Weil, and Brians S. Block (collectively "AR Individual Defendants" and together with the "AR Entity Defendants ("AR Defendants")); Defendants Stanley R. Perla, Abby M. Wenzel, and Robert H. Burns (collectively "Independent Director Defendants"); Defendant Edward T. Hoganson; and Berkshire Specialty Insurance Company, Allianz Global Risks US Insurance Company, Argonaut Insurance Company, U.S. Specialty Insurance Company, Endurance Risk Solutions Assurance Company, and XL Specialty Insurance Company.

1

certain of the Mediating Parties and their counsel, and reviewed mediation statements that each Mediating Party's counsel prepared and submitted to me.

4. The mediation of the Derivative Action involved multiple parties and complex insurance coverage issues, complicated further by the presence of multiple layers of insurance policies issued by different carriers each of which was represented in the mediation by its own counsel. Prior to my involvement, those carriers, led by the primary layer carrier, had raised serious coverage issues in reservation of rights letters. The mediation statements reflected these issues.

5. Throughout the mediation process, including at the in-person mediation session held on November 8, 2019 in New York City, the separateness of Plaintiff's counsel from the SLC formed by the Board of Nominal Defendant HIT was plainly evident. Each had their own strongly expressed points of view and retained their own insurance expert to advise on the complex insurance issues. I observed no collusion between Plaintiff's counsel and any other party, including the Company and SLC.

6. The November 8, 2019 in-person mediation session among the multiple involved parties located in at least four distinct breakout conference rooms ended without any agreement being reached. However, with my assistance, the Mediating Parties continued their negotiations over the next several weeks. During this period, I engaged in extensive communications with counsel by phone and e-mail in an ongoing effort to resolve the Derivative Action. The continuing negotiations, while cordial and professional, were contentious and hard-fought. On December 27, 2019, the parties reached an agreement-in-principle concerning the Mediating Parties' Settlement.

7. Based on my mediation efforts in this case, including my numerous communications with Plaintiff's counsel as well as all other Mediating Parties' counsel, I am in a position to say that the settlement reached here was the product of commercial compromise by all

the multiple involved parties, accomplished through hard fought negotiations conducted in my presence at arm's length, during multiple sessions, in person, by telephone, and by e-mail correspondence.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of June, 2020.

_____
LAWRENCE W. POLLACK